UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENNIS TRANSPORTATION CO. INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3: 08-CV-2206-B |
| JUDY J. RICHTER, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Federal courts are charged, even absent a motion by the parties, with ensuring they are vested with subject matter jurisdiction over all causes before them. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). In accordance with this affirmative duty, the Court **DISMISSES** this action for lack of subject matter jurisdiction and **REMANDS** this case to the 40th District Court, Ellis County, Texas.

## I. BACKGROUND

Plaintiff Ennis Transportation Co., Inc. initiated this action in the 40th District Court of Ellis County, Texas, naming Judy R. Richter, Robert L. Richter, Overcomers N Overflow, Inc., and Dynasty Transportation, Inc. as defendants. (Pet.) The crux of Plaintiff's original petition is that Judy and Robert Richter, former employees of Plaintiff, misappropriated trade secrets in violation of Texas state law. (*Id.* at ¶¶ 10-35.) Specifically, Plaintiff alleges the Richter's used confidential information obtained from Plaintiff's contracts, customer lists, schedules, employee files, and driver files to steal business from Plaintiff upon their departure. (*Id.*) Seeking to right these alleged wrongs,

Plaintiff's original petition lists eight causes of action, including business disparagement, wrongful use of confidential information, conversion, misappropriation of trade secrets, tortious interference with business relationships, breaches of loyalty and fiduciary duties, and finally, violation of the federal Computer Fraud and Abuse Act. (*Id.* at ¶¶ 36-59.)

Defendants removed the action to this Court on December 12, 2008, pursuant to 28 U.S.C. § 1441. (Def.'s Notice of Removal.) Defendants' Notice of Removal insists that the alleged violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, a federal criminal statute, vests this Court with federal question jurisdiction under 28 U.S.C. § 1331. (Def.'s Notice of Removal ¶ 4.) Jurisdiction over all of Plaintiff's state law claims are premised on supplemental jurisdiction. (*Id.* at ¶ 5.) Finding that the claims fail to give rise to federal jurisdiction, the Court **DISMISSES** this action for the following reasons.

## II. ANALYSIS

Federal courts are vested with original jurisdiction over "all *civil* actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Defendants maintain the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, a criminal statute, endows this Court with jurisdiction over the present action because it alleges a claim "arising under" federal law. However, it is well settled that there is no private cause of action for the violation of a federal criminal statute. *See, e.g., Pierre v. Guidry*, 75 Fed. Appx. 300, 300 (5th Cir. 2003); *Hunter v. Martinez*, 2008 WL 3895969, at *2 (N.D.Tex. Aug. 20, 2008) (Boyle, J.); *Williams v. Cintas Corp.*, 2007 WL 1295802, at *2 (N.D.Tex. Apr. 10, 2007) (citing uniformity among federal courts that criminal statutes do not give rise to private causes of action).

The jurisdictional allegations of Defendants' Notice of Removal is federal question

jurisdiction premised upon the violation of a federal criminal statute. Even assuming *arguendo* a violation of the criminal statute exists, such a violation does not give rise to a private cause of action between Plaintiff and Defendants. *Hunter*, 2008 WL 3895969, at *2. Thus, because no private cause of action exists, Defendants fail to demonstrate that this Court has federal question jurisdiction over the matter. Accordingly, the Court **DISMISSES** the cause for lack of subject matter jurisdiction and **REMANDS** the case back to the 40th District Court, Ellis County, Texas.

## III. CONCLUSION

For the foregoing reasons, the Court finds that it is without subject matter jurisdiction to hear this matter. As such, the Court **DISMISSES** the action and **REMANDS** the cause back to the 40th District Court, Ellis County, Texas.

**SO ORDERED.**

**SIGNED January 5, 2009**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE