UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENNIS TRANSPORTATION CO. INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:08-CV-2206-B |
| JUDY J. RICHTER, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Reconsider Remand (doc. 5) (hereinafter, the "Motion"). Having considered the Motion, the Court is of the opinion that it should be and hereby is **GRANTED**. Accordingly, the Court **VACATES** its January 5, 2009 Memorandum Order (doc. 4) remanding this cause to the 40th District Court of Ellis county, Texas, and retains jurisdiction over this action.

## I. BACKGROUND

Plaintiff Ennis Transportation Co., Inc. (hereinafter, "Ennis") initiated this action in the 40th District Court of Ellis County, Texas, naming Judy R. Richter, Robert L. Richter, Overcomers N. Overflow, Inc., and Dynasty Transportation, Inc. (hereinafter, collectively "Defendants") as defendants. (Pet.) The crux of Ennis's original petition is that Judy and Robert Richter, former employees of Ennis, misappropriated trade secrets in violation of state and federal law. (*Id.* at ¶¶ 10-35.) Specifically, Ennis alleges the Richters utilized confidential information obtained from Ennis's

contracts, customer lists, schedules, employee files, and driver files to steal business from Ennis upon the Richters' departure. (*Id.*) Seeking to right these alleged wrongs, Ennis's original petition lists eight causes of action, including business disparagement, wrongful use of confidential information, conversion, misappropriation of trade secrets, tortious interference with business relationships, breaches of loyalty and fiduciary duties, and finally, violation of the federal Computer Fraud and Abuse Act (hereinafter, the "CFAA"). (*Id.* at ¶¶ 36-59.)

Defendants removed this action to this Court on December 12, 2008, pursuant to 28 U.S.C. § 1441. (Def.'s Notice of Removal.) Defendants' Notice of Removal premised this Court's jurisdiction over this matter on the alleged violation of the CFAA, 18 U.S.C. § 1030, a federal criminal statute. (Def.'s Notice of Removal ¶ 4.) To this end, Defendants contend that violation of the CFAA vests the Court with federal question jurisdiction under 28 U.S.C. § 1331, (*id.*), and consequently gives rise to supplemental jurisdiction over Ennis's state law causes of action, (*id.* at ¶ 5). The Court, recognizing that the pleadings failed to explain how violation of a federal criminal statute creates a private civil cause of action between the parties, remanded this case back to state court. (Jan. 5, 2009 Mem. Order.) Defendants subsequently filed the instant Motion, asking the Court to reconsider its order of remand and maintain jurisdiction over the instant suit. Defendants' Motion is ripe, and the Court now moves to the merits of its decision.

## II. ANALYSIS

"The CFAA criminalizes various fraudulent or damaging activities related to the use of computers." *Fiber Systems Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1156 (5th Cir. 2006). In their Motion, Defendants insist that although the CFAA is a criminal statute, it in fact creates a private civil cause of action between parties, and thus vests federal courts with subject matter jurisdiction. Federal

courts are endowed with original jurisdiction over "all *civil* actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal. *See, e.g., Pierre v. Guidry*, 75 Fed. Appx. 300, 300 (5th Cir. 2003); *Hunter v. Martinez*, 2008 WL 3895969, at *2 (N.D.Tex. Aug. 20, 2008). In rare circumstances, however, where a criminal statute has "a statutory basis for inferring" the existence of a civil action, violation of a criminal statute may give rise to a private cause of action. *See Ali v. Shabazz*, 8 F.3d 22, 1993 WL 456323, at *1 (5th Cir. 1993). It thus falls upon this Court to determine whether the CFAA creates a private civil cause of action.

Confronted with the present query, the Fifth Circuit United States Court of Appeals answered in the affirmative - private parties may sue under the CFAA. *Fiber Systems Int'l, Inc.*, 470 F.3d at 1156-57. In *Fiber Systems International*, the plaintiff sued former employees under the CFAA, claiming the defendants deleted and copied the plaintiff's confidential business and proprietary information. *Id.* at 1155-56. After trial, the jury found that certain defendants violated the CFAA and awarded the plaintiff $36,000 in damages. *Id.* at 1156. The trial court, however, entered a take nothing judgment because, in its view, the CFAA did not create a civil cause of action for violation of the provision in question. *Id.* On appeal, the Fifth Circuit vacated the district court's take-nothing judgment, finding that the CFAA in fact creates a civil cause of action. *Id.* at 1156-58, 1171. The court pointed to 18 U.S.C. § 1030(g) in ruling that private causes of action arise out of violations of any of the CFAA's provisions, provided the violation satisfied one of the factors referenced in § 1030(g). *Id.* at 1156-57; *Southwest Airlines Co. v. Boardfirst, L.L.C.*, 2007 WL

4823761, at *12 (N.D.Tex. Sept. 12, 2007) (Boyle, J.).

In relevant part, 18 U.S.C. § 1030(g) provides:

> Any person who suffers damage or loss by reason of a violation of this section *may maintain a civil action against the violator* to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).

18 U.S.C. § 1030(g) (emphasis added). The express terms of the CFAA thus create an actionable civil cause, provided the conduct complained of involves one of the factors found in 18 U.S.C. § (c)(4)(A)(i).[1] The only § (c)(4)(A)(i) factor of potential applicability here gives rise to jurisdiction if the "loss to 1 or more persons during any 1-year period" amounts to at least $5,000 in value. 18 U.S.C. § 1030(c)(4)(A)(i)(I).

Ennis's original petition avers Defendants accessed Ennis's confidential information by exceeding Defendants' authority without authorization. (Pet. ¶ 56.) Ennis continues to allege that it has consequently "suffered losses and damages by reason of the violations in excess of the statutory limits of the [CFAA] in less than a one year period of time." (*Id.* at ¶ 59.) The Court accordingly

---

[1] The Court notes that in *Fiber Systems International*, the Fifth Circuit was confronted with the narrow question of whether § 1030(g) created a civil cause of action solely for the violation of former § 1030(a)(5)(B), or whether a civil cause could be supported by violation of § 1030's other subsections. *Fiber Systems International, Inc.*, 470 F.3d at 1156. The Fifth Circuit ultimately endorsed the latter view, finding that the only limitation to sustaining a "claim brought under one of § 1030's other subsections" is that the violation "must have caused some form of damage described in one of the five numbered clauses of [former] subsection (a)(5)(B)." *Southwest Airlines Co.*, 2007 WL 4823761, at *12 (citing *Fiber Systems International, Inc.*, 470 F.3d at 1157).

Since the Fifth Circuit's pronouncement in *Fiber Systems International*, the CFAA has been amended. *See generally* 18 U.S.C. § 1030. Former § (a)(5)(B) has been relocated to § (c)(4)(A)(i). *See* 18 U.S.C. § 1030(c)(4)(A)(i). Given the fact that § (c)(4)(A)(i) speaks to the new narrower version of § (a)(5)(B), an argument could be made that the Fifth Circuit's decision in *Fiber Systems International* no longer survives. However, because the re-located language is exactly the same as the language analyzed by the *Fiber Systems International* Court, the Court, at this time, finds this structural argument unpersuasive.

finds that it has subject matter jurisdiction over Ennis's CFAA claim. *See* 18 U.S.C. §§ 1030(a)(4); 1030(c)(4)(A)(i)(I). Whether Ennis's claim would satisfy a motion for failure to state a claim upon which relief can be granted is not before the Court, and is therefore reserved for another day. This Court is further vested with jurisdiction over Ennis's state law causes of action by virtue of its supplemental jurisdiction. *See* 28 U.S.C. § 1367.

### III. CONCLUSION

For the foregoing reasons, the Court finds that it has subject matter jurisdiction over the instant action. Therefore, the Court **VACATES** its January 5, 2009 Memorandum Order (doc. 4), and **GRANTS** Defendants' Motion for Reconsideration (doc. 5). The clerk's office is directed to re-open the case.

**SO ORDERED.**

**SIGNED February 24, 2009**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE