IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENNIS TRANSPORTATION COMPANY, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:08-CV-2206-BH |
| JUDY J. RICHTER, et al., | § § | |
| Defendants. | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

By order filed October 20, 2010, this matter has been transferred for the conduct of all further proceedings and entry of judgment.  Before the Court is *Defendants' Brief in Support of Defendants' Motion to Dismiss*, filed October 12, 2011 (doc. 63).  Based on the relevant filings and applicable law, the motion to dismiss is **DENIED**.

## I.  BACKGROUND

Plaintiff Ennis Transportation Co. (Plaintiff) initiated this action in state court against Judy Richter and Robert Richter (the Richters), their alleged alter ego Overcomers N Overflow, Inc. (Overcomers), and Dynasty Transportation, Inc. (Dynasty),[1] on December 4, 2008. (*See* docs. 1, 1-2.) Plaintiff's original petition asserted eight causes of action for business disparagement, wrongful use of confidential information, conversion, misappropriation of trade secrets and confidential information, tortious interference with business relationships, breach of loyalty, breach of fiduciary duty, and violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  (*Id.*)

As background, the original petition alleged that the Richters were employees of Plaintiff

---

[1] Dynasty has been dismissed from this lawsuit.  (*See* docs. 51 and 52.)

and executed a confidentiality and non-compete agreement with Plaintiff in November 2007. (*See* doc. 1 at 25.) Approximately eleven months after the execution of the agreement, the Richters allegedly ceased employment with Plaintiff and became affiliated with Dynasty. (*Id.*) The Richters then allegedly contacted Plaintiff's customers and made representations to them in violation of the confidentiality agreement and the non-compete covenant. (doc. 1-2 at 3.) The original petition also alleged that the Richters breached their contract with Plaintiff and that they would be unjustly enriched if they were allowed to share Plaintiff's confidential information in violation of the confidentiality and non-compete agreements. (*Id.* at 3, 5.) On December 12, 2008, the Richters and Overcomers filed their original answer, asserting among other things, that Plaintiff's claims were barred, in whole or in part, by the statute of frauds and the parole evidence rule. (doc. 1-3 at 2.) That same day, the defendants removed the action to this court. (doc. 1 at 1.)

On August 28, 2009, Plaintiff served its initial disclosures on the defendants. (*See* doc. 64-1 at 1–2.) The initial disclosures identified individuals with discoverable information and described each of them as having "knowledge of the contractual agreement entered into between Plaintiff and Defendants as well as the breach of that agreement and resulting damages." (*See id.*) The initial disclosures also claimed $340,000 for "damage for the loss of the breach of contract." (*Id.* at 2.)

On November 11, 2010, the parties filed a joint discovery and case management plan and scheduling proposal. (*See* doc. 35 at 1.) In describing the nature of the case, Plaintiff referred to the confidentiality and non-compete agreement and explained that it was seeking to recover damages in causes of action including "breach of contract and the covenant not to compete." (*Id.* at 1–2.) The defendants, on their part, denied a violation of any restrictive covenants entered into with Plaintiff. (*Id.* at 2.) The parties agreed that discovery would "focus on the breach of contract and

2

covenant not compete as well as damages." (*Id.* at 3–4.) On November 15, 2010, a scheduling order was entered requiring all motions for leave to amend pleadings to be filed no later than January 25, 2011, and all dispositive and other motions to be filed no later than May 23, 2011. (*See* doc. 36 at 1–3.) The scheduling order set the case for trial on Monday, September 26, 2011. (*Id.* at 3.)

On September 11, 2011, Plaintiff filed its portion of the proposed pre-trial order. (*See* doc. 57 at 1.) In summarizing its claims, Plaintiff again referred to the confidentiality and non-compete agreements and alleged wrongful use of confidential information and misappropriation of a business opportunity that properly belonged to Plaintiff in violation of those agreements. (*Id.* at 1, 3–4) The Richters and Overcomers (hereinafter Defendants) filed their portion of the proposed pre-trial order two days later. (*See* doc. 58 at 1.) They repeated Plaintiff's statements from its proposed pre-trial order and asserted that the terms of the contract between Plaintiff and the Richters "were void as against public policy and unconscionable, including the provisions prohibiting competition." (*Id.* at 1–5.) On September 15, 2011, the parties filed a proposed joint pre-trial order mirroring their positions in their individual proposed pre-trial orders. (*See* doc. 59 at 1–5.)

On September 23, 2011, counsel for both sides attended a pre-trial conference and responded in the affirmative when the Court inquired whether the joint pre-trial order was ready for entry. When the Court inquired whether all eight causes of action alleged in the original petition were still at issue for purposes of the upcoming trial, Plaintiff's counsel responded that the tortious interference causes of action were "probably not live actions" at that point. He also stated: "I think its primarily going to be a breach-of-contract case, your honor, from our perspective."

Both sides appeared for trial on September 26, 2011. (*See* doc. 63-1.) Before the trial could proceed, defense counsel pointed out that Plaintiff sought to pursue a breach-of-contract issue at trial

3

but had only pled tort actions and not a breach-of-contract cause of action.  (*Id.* at 5, 10.)  Plaintiff's

counsel conceded that the listed causes of action did not include a breach-of-contract claim, but

argued that there were factual allegations in the complaint and in the pre-trial order that the Richters

entered into a contract with Dynasty and took Plaintiff's customers, drivers, and revenue in violation

of the non-disclosure and non-compete clauses at issue.  (*Id.* at 6–7, 10.)  Defense counsel responded

that Plaintiff had neither pled a breach-of-contract cause of action, nor a so-called "con-tort" under

Texas law and moved to dismiss the lawsuit.  (*Id.* at 9–10.)

The Court then asked Plaintiff's counsel whether he was not proceeding on the tort causes

of action.  (*Id.* at 11.)  Plaintiff's counsel responded: "you know, I maybe stand corrected if I'm

wrong, but I think I said under principally a contract, and I think that's really the essence of the

case."  (*Id.*)  He explained that it was not his intent at the pre-trial conference to abandon the tort

causes of action and that the pre-trial order pled the claims to be tried and discussed the existence

of a contract and violations of clauses of the contract.  (*Id.* at 11–12.)  Defense counsel argued that

Plaintiff's counsel appeared to be wrapping the tort causes of action around a breach-of-contract

cause of action that he had not pled.  (*Id.* at 17–19.)  Plaintiff's counsel responded that the tort

causes of action were dependent only on the "existence" of a contract between the parties.  (*Id.* at

17.)

The parties were allowed to brief the issues raised by defense counsel's motion to dismiss.

(*Id.* at 19–23.)  With their respective briefs now filed, the motion is ripe for determination.

## II.  ANALYSIS

Defendants argue that during the pre-trial conference, Plaintiff stated that the only issue it

would pursue was a breach-of-contract claim but did not list the claim as a contested issue of fact

in the proposed joint pretrial order.  (doc. 63 at 2.)  They further argue that Plaintiff is trying to base

its tort actions upon alleged breaches of a contract between the parties without having pled such a

cause of action.  (*Id.* at 3–4.)  Plaintiff  responds that it did not abandon any claims at the pre-trial

conference and has sufficiently pled a breach-of-contract claim not only in the original petition but

also in the initial disclosures and the joint pre-trial order.  (*See* doc. 64 at 1–16.)  Plaintiff argues that

Defendants have long known about its breach-of-contract contention but waited until the day of trial

to complain about any lack of specificity or other defect in the pleadings.  (*Id.* at 1–2, 8.)  Plaintiff

also argues that the time for dispositive motions has long since lapsed and that the final pleadings

contained in the joint pre-trial order are more than sufficient to put the breach-of-contract issue

before the Court.  (*Id.* at 5, 10.)

At issue first is whether Plaintiff abandoned any tort claims included in the joint pretrial

order at the pretrial conference.  While the proposed joint pre-trial order was not a model of clarity

and did not specifically list the tort claims, it asserted the tort claims and the allegations underlying

those claims.  At the pre-trial conference, both parties represented that the joint pre-trial order was

ready for entry.  When Plaintiff's counsel was asked whether all eight causes of action alleged in

the original petition were still at issue for purposes of the upcoming trial, he responded that the

tortious interference causes of action were "probably not live actions" at that point.  He also stated:

"I think its primarily going to be a breach-of-contract case, your honor, from our perspective."  In

light of the general nature of these statements as well as the fact that Plaintiff's counsel agreed to

the entry of the pre-trial order, the statements are at best ambiguous and do not constitute

abandonment of the tort actions.  The use of the word "primarily" implies that Plaintiff intended to

pursue other claims but would focus on the breach-of-contract claim.

The second issue for determination is whether Plaintiff has properly presented a breach-of-contract claim for trial, and if necessary, as a predicate for adjudication of the tort claims. "A party has presented an issue in the trial court if that party has raised it in either the pleadings or the pretrial order, or if the parties have tried the issue by consent." *Burch v. Coca-Cola Co.*, 119 F.3d 305, 319 (5th Cir. 1997); *accord Elementis Chromium L.P. v. Coastal States Petroleum Co.*, 450 F.3d 607, 611 (5th Cir. 2006). It is well-settled "'that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial.'" *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998) (quoting *Branch-Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir. 1991)). Therefore, the inclusion or incorporation of a claim or issue in the pre-trial order amends the previous pleadings to state the new claim. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) (citing *Syrie v. Knoll Int'l*, 748 F.2d 304, 308 (5th Cir. 1984)). "[E]ven when neither the pleadings nor the pretrial order contain a claim, that claim may still proceed if the record contains sufficient evidence to convince the court that the parties consented to the adjudication of the issue." *Elder Offshore Leasing, Inc. v. Bolivarian Republic of Venezuela*, 297 F.App'x 351, 355 (5th Cir. 2008) (citing *Am. Standard Credit, Inc. v. Nat'l Cement Co.*, 643 F.2d 248, 257 n.4 (5th Cir. 1981)).

Although the original petition in this case did not plead breach of contract as a separate cause of action, it alleged breach of the confidentiality and non-compete provisions of the contract at issue. As noted, Defendants' answer pled affirmative defenses to a contract claim. The record shows that Plaintiff asserted the contract issue several times during this litigation and Defendants responded with defenses applicable to a contract claim. The issue was asserted in joint filings with the court and the parties agreed that discovery in this case would "focus on the breach of contract and

covenant not compete." (*See* doc. 35 at 3–4.)  When Plaintiff's counsel expressed his thoughts at the pre-trial conference about the case being "primarily a breach-of-contract case," defense counsel failed to object that the original petition did not contain a breach-of-contract claim.  He explained later that he did not realize at that time that no contract claim had been pled.  Additionally, the proposed joint pretrial order signed by both parties alleged the existence and violations of the confidentiality and non-compete agreement under a heading entitled "Summary of Plaintiff's claims." (*See* doc. 59 at 1–4.)  Defendants were on notice of, and had consented to the adjudication of, the breach-of-contract claim, and will not suffer any prejudice if the claim is adjudicated.

In conclusion, Plaintiff's breach-of-contract claim, while not artfully pled in the original petition, may proceed to trial because the record contains sufficient evidence that Defendants consented to, and would not be prejudiced by, the adjudication of the claim.  The breach-of-contract claim may also form the basis of the tort claims, if necessary.

### III.  CONCLUSION

Defendants' motion to dismiss is **DENIED**.  Plaintiff's tort claims as well as its breach-of-contract claim will proceed to trial.  The parties shall confer and submit a proposed trial date to the court within seven days of the date of this order.

**SO ORDERED on this 22nd day of March, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE